UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| WADE HAWK, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § § | No._____ |
| v. | § § | |
| CYRUS J. GUIDRY & ASSOCIATES, L.L.C., | § § § § | JURY TRIAL DEMANDED |
| Defendant. | § § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Wade Hawk (referred to as "Plaintiff" or "Hawk") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid overtime wages from Defendant Cyrus J. Guidry & Associates, L.L.C. (referred to as "Defendant" or "Cyrus Guidry").  In support thereof, he would respectfully show the Court as follows:

**I.  Nature of Suit**

1. Hawk's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and

general well-being of workers … ." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers.  29 U.S.C. §§ 206(a), 207(a), 211(c).

3. Cyrus Guidry violated the FLSA by employing Hawk and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

4. Cyrus Guidry violated the FLSA by failing to maintain accurate time and pay records for Hawk and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5. Hawk brings this collective action under 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees to recover unpaid overtime wages.

## II.  Jurisdiction & Venue

6. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), (2) because Defendant resides in the Galveston Division of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to Hawk's claims occurred in the Galveston Division of the Southern District of Texas.

III. Parties

8. Wade Hawk is an individual who resides in Terrebonne Parish, Louisiana and who has been employed by Cyrus Guidry during the last three years.

9. Cyrus J. Guidry & Associates, L.L.C. is a Louisiana company that may be served with process by serving its registered agent: Daniel A. Cavell, at 402 West Fourth St., Thibodaux, Louisiana, 70301. Alternatively, if the registered agent of Cyrus J. Guidry & Associates, L.L.C. cannot with reasonable diligence be found at the company's registered office, Cyrus J. Guidry & Associates, L.L.C. may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

10. Whenever it is alleged that Cyrus Guidry committed any act or omission, it is meant that company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Cyrus Guidry or was done in the routine and normal course and scope of employment of the company's officers, directors, vice-principals, agents, servants or employees.

IV. Facts

11. Cyrus J. Guidry & Associates, L.L.C. provides project management and inspection services to clients in the oil and gas industry throughout the Gulf of Mexico, Louisiana and Pennsylvania; it does business in the territorial jurisdiction of this Court.

12. Cyrus Guidry employed Hawk as a Welding Inspector from approximately 2014 to the present.

13. Hawk's primary duties were nonexempt.

14. As a Welding Inspector, Hawk was primarily tasked with performing visual inspections and tests on welded steel on oil and gas machinery and equipment all across the United States, including but not limited to Gulf of Mexico, Texas, Louisiana and Pennsylvania.

15. Hawk's primary duties did not include office or nonmanual work.

16. Hawk's primary duties were not related to the management or general business operations of Cyrus Guidry or its customers.

17. Hawk's duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

18. Hawk did not exercise a meaningful degree of independent discretion with respect to the exercise of his duties.

19. Hawk did not have the discretion or authority to make any decisions with respect to matters of significance.

20. Instead, Hawk was required to follow the policies, practices and procedures set by Cyrus Guidry.

21. Hawk did not have any independent authority to deviate from these policies, practices, and procedures.

22. During Hawk's employment with Cyrus Guidry, he was engaged in commerce or the production of goods for commerce.

23. During Hawk's employment with Cyrus Guidry, the company had employees engaged in commerce or in the production of goods for commerce.

24. During Hawk's employment with Cyrus Guidry, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

25. During Hawk's employment with Cyrus Guidry, the company had an annual gross volume of sales made or business done of at least $500,000.

26. Cyrus Guidry paid Hawk on an hourly basis.

27. During Hawk's employment with Cyrus Guidry, he regularly worked in excess of forty hours per week, averaging anywhere from fifty to sixty hours per week.

28. Cyrus Guidry knew or reasonably should have known that Hawk worked in excess of forty hours per week.

29. Cyrus Guidry did not pay Hawk overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

30. Instead, Cyrus Guidry paid Hawk at his straight time rate for each hour worked over forty in a workweek.

31. In other words, Cyrus Guidry paid Hawk overtime at a rate less than one and one-half times the regular rate at which he was employed in violation of the FLSA.

32. Cyrus Guidry knew or reasonably should have known that Hawk was not exempt from the overtime provisions of the FLSA.

33. Cyrus Guidry failed to maintain accurate time and pay records for Hawk as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

34. Cyrus Guidry knew or showed a reckless disregard for whether its pay practices violated the FLSA.

35. Cyrus Guidry is liable to Hawk for his unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

36. All welding inspectors employed by Cyrus Guidry are similarly situated to Hawk because they (1) have similar job duties; (2) regularly work in excess of forty hours per week; (3) are not paid overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from Cyrus Guidry pursuant to 29 U.S.C. § 216(b).

**V. Count One—Failure to Pay Overtime in Violation of 29 U.S.C. § 207(a)**

37. Hawk adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

38. During Hawk's employment with Cyrus Guidry, he was a nonexempt employee.

39. As a nonexempt employee, Cyrus Guidry was legally obligated to pay Hawk "at a rate not less than one and one-half times the regular rate at which he [was]

employed[]" for the hours that he worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

40. Cyrus Guidry did not pay Hawk overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

41. Instead, Cyrus Guidry paid Hawk at his straight time rate for each hour worked over forty in a workweek.

42. In other words, Cyrus Guidry paid Hawk overtime at a rate less than one and one-half times the regular rate at which he was employed in violation of the FLSA.

43. If Cyrus Guidry classified Hawk as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

44. Cyrus Guidry knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. In other words, Cyrus Guidry willfully violated the overtime requirements of the FLSA.

### VI. Count Two—Failure to Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

45. Hawk adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

46. The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

47. In addition to the pay violations of the FLSA described above, Cyrus Guidry also failed to keep proper time and pay records as required by the FLSA.

### VII. Count Three—Collective Action Allegations

48. Hawk adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

49. On information and belief, other employees have been victimized by Cyrus Guidry's violations of the FLSA identified above.

50. These employees are similarly situated to Hawk because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

51. Cyrus Guidry's policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

52. Since, on information and belief, Hawk's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

53. All employees of Cyrus Guidry, regardless of their rates of pay, who were paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no

detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All welding inspectors paid straight time for overtime employed by Cyrus Guidry during the last three years.

54. Cyrus Guidry is liable to Hawk and the other welding inspectors for the difference between what it actually paid them and what it was legally obligated to pay them.

55. Because Cyrus Guidry knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Hawk and the other welding inspectors their unpaid overtime wages for at least the last three years.

56. Cyrus Guidry is liable to Hawk and the other welding inspectors in an amount equal to their unpaid overtime wages as liquidated damages.

57. Cyrus Guidry is liable to Hawk and the other welding inspectors for their reasonable attorneys' fees and costs.

58. Hawk has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII.  Jury Demand

59. Hawk demands a trial by jury.

## IX. Prayer

60. Hawk prays for the following relief:

    a. an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

    b. judgment awarding Hawk and the other welding inspectors all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

    c. prejudgment interest at the applicable rate;

    d. postjudgment interest at the applicable rate;

    e. incentive awards for any class representative(s); and

    f. all such other and further relief to which Hawk and the other welding inspectors may show themselves to be justly entitled.

        Respectfully submitted,

        MOORE & ASSOCIATES

        By: /s/ Melissa Moore
        Melissa Moore
        State Bar No. 24013189
        Federal Id. No. 25122
        Curt Hesse
        State Bar No. 24065414
        Federal Id. No. 968465
        Lyric Center
        440 Louisiana Street, Suite 675
        Houston, Texas 77002
        Telephone: (713) 222-6775
        Facsimile: (713) 222-6739

        **ATTORNEYS FOR PLAINTIFF WADE HAWK**

Of Counsel:

Bridget Davidson
State Bar No. 24096858
Federal Id. No. 3005005
MOORE & ASSOCIATES
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739